IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ISAIAH D. JORDAN,

                     Plaintiff,

  v.                                                                ORDER

HOLLY GUNDERSON, *et al.*,                             22-cv-692-jdp

                     Defendants.

---

      Isaiah D. Jordan, who's representing himself, has moved to compel the production of video footage showing him walking with a limp. Dkt. 66. The court will deny this motion.

      Jordan filed a complaint alleging that he had painful foot conditions and, therefore, needed special shoes and a lower-bunk restriction. Dkt. 1. The court allowed Jordan to proceed on Eighth Amendment medical care claims because defendants allegedly delayed his receipt of these accommodations or denied them outright. Dkt. 8.

      Jordan sought the production of video footage of the courtyard for approximately five dates. *See* Dkt. 26; Dkt. 66-1 at 4; Dkt. 80 at 1. Defendants' counsel informed Jordan that, although the video files were initially preserved, they became corrupted and couldn't be recovered. Dkt. 66-1 at 5–7.

      In his motion to compel, Jordan contends that prison officials have documented him jogging, running, and playing basketball and used those observations to justify denying him medical accommodations. *See* Dkt. 66 at 2; Dkt. 66-1 at 1–2. Jordan adds that the video footage is relevant to rebut prison officials' basis for denying him medical accommodations for his foot conditions. *See* Dkt. 66 at 1–2. Jordan sought production of that footage, but he didn't request a sanction for spoliation. *Id.* at 2.

Defendants contend that they cannot produce the video footage because it's unrecoverable and, thus, doesn't exist. *See* Dkt. 68 at 1–5. Defendants submitted the declaration of Corey Rahlf, the captain at Jordan's prison. Dkt. 69. Rahlf states that he has access to the system that the DOC uses to retain video evidence. *Id.* ¶ 6. Rahlf further: (1) states that the videos were downloaded to the system; (2) describes the process for retaining videos; (3) explains how the videos might have become corrupted; (4) states that IT staff couldn't recover the videos; and (5) states that no defendant in this lawsuit was involved in the retention or corruption of the videos. *See id.* ¶¶ 7–21.

In his reply, Jordan doesn't dispute that defendants cannot produce the videos. *See* Dkt. 80. But, for the first time, Jordan argues that defendants spoliated the videos and he seeks an adverse inference instruction as a sanction. *Id.*

As a starting point, Jordan procedurally forfeited his spoliation argument by raising it for the first time in his reply and supporting declaration. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). Because defendants told Jordan why they failed to produce the video before he moved to compel, he could have raised this argument in his motion. *See Turner v. United States*, No. 22-cv-714-jdp, 2023 WL 5672722, at *6 (W.D. Wis. Sept. 1, 2023) (stating that the nature of a party's new argument may reveal that it was available when he filed his motion). Jordan's use of "a declaration as a [partial] vehicle to raise [his] new argument does not make this approach" any less improper. *Id.* Jordan hasn't "offered any legitimate reason for failing to raise" his request a spoliation sanction in his motion. *Id.*

More substantively, even if Jordan hadn't forfeited this argument, the court would deny his motion. A sanction for spoliation is proper only if prison officials failed to preserve the

2

video "for the purpose of hiding adverse information." *See Downing v. Abbott Laboratories*, 48 F.4th 793, 812 (7th Cir. 2022); *see also* Fed. R. Civ. P. 37(e)(2). Jordan contends that it's his "sincere belief" that the videos were "intentionally destroyed," but his arguments are unpersuasive. *See* Dkt. 81 ¶ 17. Jordan contends that the videos would have strengthened his claims, but he hasn't explained how the prison officials who were involved in the storage and retrieval efforts would have come to that conclusion. These individuals aren't defendants and there's no evidence that believed the videos contained helpful information for Jordan. Indeed, although footage of Jordan limping may be relevant to his claims, it would hardly constitute incontrovertible evidence. Jordan's unsupported assertions that the videos could have (and should have) been preserved aren't enough to show that sanctions are appropriate. *See id.* ¶¶ 12–16.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 66, is DENIED.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered February 9, 2024.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge