IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ISAIAH D. JORDAN,

                Plaintiff,

v.

HOLLY GUNDERSON, TAMMY STRUMNESS,
BARRY DAUGHTRY, WENDY DEMLER, MARYAH
MARTIN, LYNN DOBBERT, MELISSA
MCFARLANE, and KOREEN FRISK,

                Defendants.

ORDER

22-cv-692-jdp

---

    Isaiah D. Jordan, without counsel, has moved for permission to amend the complaint and reinstate Timothy Thomas as a defendant. Dkt. 54. I will deny this motion.

    Jordan filed a complaint alleging that he had painful foot conditions and needed special shoes and a lower-bunk restriction. Dkt. 1. I allowed Jordan to proceed on Eighth Amendment medical care claims because defendants allegedly delayed his receipt of these accommodations or denied them outright. Dkt. 8. I dismissed Jordan's claims against Thomas, the deputy warden, because: (1) Jordan provided no allegations about him in the complaint's body; and (2) prison officials can't be held liable for constitutional violations just because they supervise individuals who've committed them. *Id.* at 3.

    Jordan contends that he has evidence showing that Thomas had some responsibility over the health services unit. Dkt. 54 at 1. But, as I've explained, the mere fact that Thomas supervises other individuals doesn't make him responsible for their constitutional violations. Jordan also contends that Thomas acknowledged two of his relevant medical complaints, *id.*, but this bare assertion isn't enough to infer that he consciously disregarded Jordan's foot conditions. Jordan would have to give the court reason to infer that Thomas's

acknowledgement violated the constitution. Furthermore, Thomas filed these medical complaints in February 2022, and he hasn't explained why he waited so long to argue that they supported his medical care claims. Even if Thomas obtained these documents during discovery, he must have known of their subject matter when he filed this case. Thomas hasn't shown a basis to reinstate Thomas or amend the complaint. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may deny motion to amend when there is undue delay or if amendment would be futile).

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to amend the complaint and reinstate Timothy Thomas, Dkt. 54, is DENIED.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered February 20, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge